UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Marleni S.B., | Civil No. 26-1707 (DWF/ECW) |
| Petitioner, | |
| v. | |
| Pamela Bondi, *Attorney General*; Kristi Noem, *Secretary U.S. Department of Homeland Security*; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*; David Easterwood, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*; and Warden, *Sheriff East Montana Detention Center, El Paso, Texas*, | MEMORANDUM OPINION AND ORDER |
| Respondents. | |

INTRODUCTION

This matter is before the Court on Petitioner Marleni S.B.'s petition for a writ of habeas corpus (the "Petition"). (Doc. No. 1.) Respondents filed an untimely response. (Doc. No. 5.)[1] For the reasons set forth below, the Court grants the Petition and orders Respondents to release Petitioner immediately.

---

[1] In their response, Respondents also seek an extension, asserting that counsel sought Petitioner's position on an extension with no response and that counsel for Respondents was involved in two court proceedings on the date the response was due. The Court need not consider untimely responses, but due to the specific circumstances here, it does. The Court also gave Petitioner additional time and directed her to file a reply.

## BACKGROUND

Petitioner is a citizen of Venezuela and resident of Faribault, Minnesota. (Doc. No. 1 ¶ 14.) Petitioner has lived in the United States since June 2024. (*Id.*) Petitioner presented herself at the border and was paroled into the United States after using the CBP-One[2] application. (*Id.* ¶ 15.) Within the one-year deadline, Petitioner filed an application for asylum. (*Id.*) Petitioner has a pending asylum application and no final order of removal. (*Id.*) Petitioner lives with her children, grandchildren, and partner and has a work permit. (*Id.* ¶ 16.)

U.S. Immigration and Customs Enforcement ("ICE") agents arrested Petitioner on January 8, 2026, when she was returning from running errands with her young grandson. (*Id.* ¶ 17.) Her grandson was also detained, but he was then released roughly twenty-four hours later. (*Id.*) Petitioner was initially brought to the Whipple Federal Building at Fort Snelling in Minnesota, and at some point, transferred to Camp East Montana Detention Center in El Paso, Texas. (*Id.* ¶ 21.) Importantly, as of March 13, 2026, Petitioner has been moved back to Minnesota and remains in ICE custody at Kandiyohi County Jail in Willmar, Minnesota. *See Online Detainee Locator System*, U.S. Immigr. & Customs Enf't, https://locator.ice.gov/odls/#/search (last visited March 13, 2026).

---

[2]   CBP-One is a mobile application launched by the U.S. Department of Homeland Security to provide a portal to a variety of Customs and Border Protection services. *See DHS/CBP/PIA-068 CBP One™ Mobile Application*, U.S. Dep't of Homeland Sec. (Jan. 30, 2025), https://www.dhs.gov/publication/dhscbppia-068-cbp-one-mobile-application.

Petitioner filed the Petition on March 2, 2026. (Doc. No. 1 at 16.) Petitioner asserts that her detention under 8 U.S.C. § 1225(b)(2) is unlawful because it violates the Due Process Clause of the Fifth Amendment and the Administrative Procedure Act. (*Id.* ¶¶ 32-46.) Petitioner requests, among other things, immediate release from detention. (*Id.* at 13.) On March 3, 2026, the Court ordered Respondents to answer the Petition on or before March 5, 2026, at 12:00 p.m. CT, and enjoined Respondents from moving Petitioner from this District pending further order, or if Petitioner was already moved from Minnesota, that she be immediately returned to the state. (Doc. No. 3.) Respondents filed an untimely response that the Court will consider.

## DISCUSSION

A district court may provide habeas relief to a person who is being detained in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3). That authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900-01 (D. Minn. 2020). The burden is on the petitioner to prove illegal detention by a preponderance of the evidence. *See Mohammed H. v. Trump*, 786 F. Supp. 3d 1149, 1154 (D. Minn. 2025).

Respondents argue that Petitioner is subject to mandatory detention under § 1225(b)(1)(B)(ii). Section 1225(b)(1) creates a process for expedited removal of noncitizens arriving in the United States who are found inadmissible after initial inspection. 8 U.S.C. § 1225(b)(1)(A)(i). That process begins during the inspection of noncitizens arriving in the United States, at which time:

3

> If an immigration officer determines that [a noncitizen] . . . who is arriving in the United States . . . is inadmissible . . . and the [noncitizen] indicates either an intention to apply for asylum . . . or a fear of persecution, the officer shall refer the [noncitizen] for an interview by an asylum officer under subparagraph (B).

8 U.S.C. § 1225(b)(1)(A)(ii). In turn, subparagraph B lays out the process for asylum interviews: "An asylum officer shall conduct [credible fear] interviews of [noncitizens] referred under subparagraph (A)(ii), either at a port of entry or at such other place designated by the Attorney General." *Id.* § 1225(b)(1)(B)(i). And "[i]f the officer determines at the time of the interview that [a noncitizen] has a credible fear of persecution . . . the [noncitizen] shall be detained for further consideration of the application for asylum." *Id.* § 1225(b)(1)(B)(ii). If the officer concludes that the noncitizen "does not have a credible fear or persecution, the officer shall order the [noncitizen] removed from the United States without further hearing or review." *Id.* § 1225(b)(1)(B)(iii)(I). The statute continues: "Any [noncitizen] subject to the procedures of this clause *shall be* detained pending a final determination of credible fear of persecution and, if found not to have such a fear, until removed." *Id.* § 1255(b)(1)(B)(iii)(IV) (emphasis added).

Respondents argue that, under this framework, Petitioner is subject to mandatory detention pending the outcome of her asylum claim as a noncitizen claiming fear of persecution upon arrival. (Doc. No. 5 at 4-5.) The Court disagrees. The procedures outlined above apply to asylum claims made by noncitizens arriving in the United States at the time of entry. *See, e.g.*, *Bashir K.A. v. Klang*, No. 25-cv-4559, 2026 WL 452353, at *4 (D. Minn. Feb. 17, 2026) (explaining that under § 1225(b)(1), mandatory detention

4

may be permissible when a noncitizen indicates an intent to request asylum, but that such detention is preceded by the procedure prescribed in the statute). Here, Petitioner has a pending asylum application, but her application was not made upon entry.[3] Moreover, there is no evidence that Respondent referred Petitioner to an asylum officer for a credible fear interview upon entry. Without evidence that an asylum officer made any determination on Petitioner's credible fear of persecution upon entry, Respondents cannot invoke mandatory detention under the process that requires such a determination.

Even if an application for asylum filed *after* a noncitizen is granted parole could qualify under § 1225(b)(1) and require mandatory detention following the termination or revocation of that noncitizen's parole,[4] mandatory detention would still be inappropriate in Petitioner's case. Respondents have not shown that Petitioner has ever had a credible fear interview, even after her recent arrest and detention. In addition, there is no evidence that Respondents have taken any steps to process her asylum claim. By accepting Respondents' theory, the Court would allow them to revoke a noncitizen's parole and detain them indefinitely without any indication that they will ever process that

---

[3]   Petitioner was released into the United States pursuant to humanitarian parole authority and ordered to report to immigration court. (Doc. No. 7 at 6; Doc. No. 5 at 11 (noting "DT" parole status).) While the Department of Homeland Security categorized Petitioner as an "arriving alien" on her Notice to Appear, there is no evidence that at the time, Respondents invoked the procedure for those indicating an intent to apply for asylum or referred Petitioner for a credible fear interview.

[4]   Respondents also submit that per Petitioner's I-94, her parole expired on April 18, 2025 (Doc. No. 5 at 8), and that Petitioner therefore lacks legal status. The record, however, also contains a document that indicates that Petitioner's parole does not expire until June 1, 2026. (Doc. No. 5 at 11.)

5

noncitizen's asylum application. This would result in indefinite detention without means for review, a clear violation of the Due Process Clause.

Respondents alternatively argue that Petitioner is subject to mandatory detention under § 1225(b)(2). (Doc. No. 5 at 6-7.) As this Court has explained on multiple occasions, Respondents' interpretation of § 1225(b)(2) contradicts the plain language of the statute. *See Jose L.M.S. v. Bondi*, No. 26-cv-474, 2026 WL 185066, at *2 (D. Minn. Jan. 25, 2026); *Omar E.F.G. v. Bondi*, No. 26-cv-451, 2026 WL 184571, at *2 (D. Minn. Jan. 23, 2026); *Victor S.M. v. Noem*, No. 26-cv-400, 2026 WL 161445, at *2 (D. Minn. Jan. 21, 2026). Section 1225 applies to "applicants for admission"—noncitizens who are either "present in the United States who ha[ve] not been admitted or who arrive[] in the United States." 8 U.S.C. § 1225(a)(1). Section 1226 applies where § 1225 is inapplicable and provides immigration judges with the discretion to grant release on bond to noncitizens subject to removal proceedings. *See id.* § 1226(a).

Here, Petitioner is not an arriving noncitizen because she has been in the United States for over a year and a half and has a pending asylum application. *See Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (noting that § 1226(a) applies to "certain aliens already in the country"). Petitioner is therefore subject to the discretionary bond provisions of § 1226(a), not the mandatory bond provisions of § 1225(b)(2).

Having found that Petitioner is being detained unlawfully, the question becomes the correct remedy. A detainee being held pursuant to § 1226(a), as Petitioner is here, must have been served an arrest warrant prior to detention. 8 U.S.C. § 1226(a); *see also Ahmed M. v. Bondi*, No. 25-cv-4711, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026)

(collecting cases). Respondents submit that ICE agents issued a Form I-200 warrant "in the field" *after* she was arrested. (Doc. No. 5 at 10.) A Form I-200 must be served at the time of arrest, not after. *See Alberto C.M. v. Noem, et al.*, No. 26-CV-380, 2026 WL 184530, at *2 (D. Minn. Jan. 23, 2026). In addition, Respondents attached the Form I-200 without any accompanying supporting documents, affidavits, or declarations that would establish what evidence formed the basis for its issuance. These critical insufficiencies prevent the Court from determining that the warrant is valid. *See, e.g., Enyer O.L. v. Bondi*, No. 26-cv-1078, at 7 (D. Minn. Feb. 15, 2026) ("Aside from the Form I-200, there were no accompanying exhibits, supporting documents, or attached affidavits/declarations that establish when the warrant was created, what evidence formed the basis for its issuance, or how and when it was served."). Respondents have attached a Form I-213 with details about Petitioner's arrest. However, this form is dated January 19, 2026—more than ten days after Petitioner's arrest—and there is no indication of which details formed the basis for the Form I-200 warrant. On the record before it, the Court concludes that this arrest warrant is invalid. Therefore, Petitioner was not lawfully arrested under 8 U.S.C. § 1226. *See, e.g., Alberto C.M.*, 2026 WL 184530, at *2 (concluding respondents did not have the authority to detain the petitioner under § 1226 where a Form I-200 was invalid).

The remedy for a warrantless arrest is immediate release. *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release." (citation omitted)).

7

# ORDER

Based on the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

1. Petitioner's petition for writ of habeas corpus (Doc. No. [1]) is **GRANTED**.

2. The Court **DECLARES** that Petitioner's current detention is unlawful under the Constitution and laws of the United States.

3. Respondents are **ORDERED** to release Petitioner from custody immediately.

4. Within three (3) days of the date of this Order, Respondents shall provide the Court with a status update confirming Petitioner's release.

5. Respondents are directed to release Petitioner:

    a. In Minnesota;

    b. With all personal documents and belongings, such as her driver's license, passport, work authorization, and other immigration documents, and cell phone;

    c. Without any conditions on release, including but not limited to requiring Petitioner to sign an "Order of Release on Recognizance" or requiring Petitioner to enroll in and complete an "Alternatives to Detention" program;

    d. Without any tracking devices or use of a tracking application; and

    e. With all clothing and outerwear she was wearing at the time of detention, or other proper winter attire.

6. Respondents shall provide reasonable advance notice to counsel to arrange for a safe release of Petitioner. Petitioner's counsel is Patrick Francis Hellier who can be reached at 612-500-4327

7. Respondents are **ENJOINED** from re-detaining Petitioner under this same statutory theory, absent materially changed circumstances.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  March 13, 2026            s/Donovan W. Frank
                                  DONOVAN W. FRANK
                                  United States District Judge